```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

|  |  |
|---|---|
| KHAMAL SMITH, | |
| Plaintiff | Civ. No. 16-1866 (RMB/JS) |
| v. | **OPINION** |
| COUNTY OF CAPE MAY, *et al.*, | |
| Defendants | |

By Order dated November 16, 2020, this civil rights action was reopened upon settlement of the class action in <u>Dearie v. County of Cape May et al.</u>, 15-8785 (RMB/JS), and is no longer stayed or consolidated under <u>In Re Cape May County Correctional Center</u>, 15-8745 (RMB/JS). After Plaintiff was granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915, and the action was consolidated with Civil Action No. 15-8745 (RMB/JS) and stayed in April 2016, legal mail sent to Plaintiff Khamal Smith was returned to the Court as undeliverable. (Dkt. Nos. 8, 9.) Plaintiff has never notified the Court of his new address.

I.  DISCUSSION

Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a complaint without prejudice is an appropriate remedy for noncompliance with this rule.  See Archie v. Dept. of Corr., Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases).  Mail sent to Plaintiff's last known address was returned.  (Dkt. Nos. 8, 9.)  To date, Plaintiff has not informed the Court of his new address.

II. CONCLUSION

The Court will order that Plaintiff show cause why this case should not be dismissed pursuant to Local Civil Rule 10.1

An appropriate order follows.

**Dated: December 3, 2020**

        s/Renée Marie Bumb
        **RENÉE MARIE BUMB**
        **UNITED STATES DISTRICT JUDGE**